Filed 1/27/15  P. v. Sweeney CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050185 (consol. with G050473) |
| v. | (Super. Ct. No. P-01201) |
| THOMAS GRAYSON SWEENEY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from orders of the Superior Court of Orange County, John L. Flynn, III, Judge; and Craig E. Robison, Judge (retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.).  Affirmed.

James R. Bostwick, Jr., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*       \*       \*

*Case No. G050185*

On January 3, 2014, defendant Thomas Grayson Sweeney was released from state prison and placed on parole after having served a prison term for his admitted violation of Health and Safety Code section 11377, subdivision (a), possession of a controlled substance. Sweeney was arrested on February 26, 2014, day 55 of his parole. On March 3, 2014, day 60 of Sweeney's parole, the California Department of Corrections and Rehabilitation, Division of Adult Parole Operations (Parole Authority) completed its assessment of the possible remedial sanctions under Penal Code section 3000.08, subdivision (d), and, on March 4, 2014, day 61 of Sweeney's parole, the Parole Authority filed a petition to revoke Sweeney's parole alleging (1) he had submitted a urine sample that tested positive for use of methamphetamine and (2) was found to be in possession of a folding knife with a blade exceeding two inches.[1] Sweeney moved to dismiss the petition on the ground the Parole Authority lacked jurisdiction to supervise defendant under section 3000.08, subdivision (a); instead he should have been released to postrelease community supervision under sections 3000.08, subdivision (b) and 3450. The court denied the motion. Sweeney waived his right to a formal revocation hearing and admitted the methamphetamine use. The court reinstated parole and committed Sweeney to jail for 90 days with 60 days of credit comprised of 30 days of actual custody and 30 days of conduct credit. Sweeney timely filed a notice of appeal supported by a certificate of probable cause under section 1237.5.

---

[1] All future statutory references are to the Penal Code.

2

*Case No. G050473*

On May 28, 2014, the Parole Authority filed another petition to revoke Sweeney's parole alleging (1) on two occasions he had submitted a urine sample that tested positive for use of methamphetamine, (2) he was found to be in possession of drug paraphernalia, and (3) he was found to be in possession of pornographic magazines. Sweeney once again made a motion to dismiss on the ground Parole Authority lacked jurisdiction to supervise him. The motion was denied. Sweeney waived his right to a formal revocation hearing and admitted the drug paraphernalia allegation. The court reinstated parole and committed Sweeney to jail for 120 days with 36 days of credit, comprised of 18 days of actual custody and 18 days of conduct credit. Sweeney timely filed a notice of appeal, but his request for a certificate of probable cause was denied.

We consolidated Case Nos. G050185 and G050473.

DISCUSSION

We appointed counsel to represent Sweeney on the consolidated appeal. Counsel did not argue against his client, but advised the court that after a full review of the record he was unable to find an issue to argue on his client's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Sweeney was given an opportunity to file written argument in his own behalf, but he has not done so.

Sweeney's counsel suggested we consider whether the Parole Authority had jurisdiction under section 3000.08, subdivision (a) to supervise Sweeney on parole because he should have been released on postrelease community supervision under sections 3000.08, subdivision (b) and 3450. We have reviewed the entire record and considered counsel's suggestion, but we are unable to find an arguable issue. Sweeney served *at least* 60 days under parole supervision through the date the Parole Authority completed its assessment of the appropriate sanctions to be imposed. Under section

3

3000.08 any mistake in placing Sweeney on parole instead of community supervision could be corrected during the first 60 days of parole, but not therafter.  (§ 3000.08, subd. (l).)  Thus, even if the Parole Authority had made a classification mistake, correction was not made during the 60-day period.  Accordingly, Sweeney must remain under parole supervision.

We affirm the challenged orders.


IKOLA, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


FYBEL, J.

4